UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
              v.                  )       Cr. No. 01-10384-MLW
                                  )
GARY LEE SAMPSON                  )

ORDER

WOLF, D.J.                                      November 6, 2001

For the reasons described in court on November 5, 2001, it is hereby ORDERED that:

1. Pursuant to 18 U.S.C. § 3005 and 21 U.S.C. §§ 848(q)(4)(A) & (5), David Ruhnke, Esq. and Robert Sheketoff, Esq. are appointed as counsel for defendant Gary Lee Sampson.

2. Sampson may file a motion seeking to establish "exceptional circumstances and good cause" for the appointment as additional counsel, at no cost to the federal government, of Stephanie Paige, Esq. of the Massachusetts Committee for Public Counsel Services, who has been previously appointed to represent Sampson in the Massachusetts cases arising out of the alleged events which have generated this case. See Admin. Office of U.S. Courts, 7 Guide to Judiciary Policies and Procedures, ch. VI, para. 6.01(A)(1).

3. Sampson shall, by November 7, 2001 at 12:00 noon, report in writing whether he wishes to waive his right to a detention hearing pursuant to 18 U.S.C. § 3142(f) and agree to his detention

during the pendency of this case pursuant to 18 U.S.C. § 3142(i)(2)-(4). If Sampson does not waive his right to a detention hearing, that hearing will commence on November 9, 2001 at 9:30 a.m., unless Sampson requests a postponement because of the unavailability of his counsel or for other good cause. In any event, if the charges brought by the Commonwealth of Massachusetts on which Sampson was being held on November 5, 2001 are dismissed, he shall be arrested and, as requested by the government, temporarily detained in this case pursuant to the federal arrest warrant issued on October 26, 2001. <u>See</u> 18 U.S.C. § 3142(f).

4. As Sampson has stated that no waiver will be filed, the government shall, by November 20, 2001, produce to Sampson the automatic discovery required by Rules 116.1(C) and 116.2(B) of the Local Rules of the United States District Court for the District of Massachusetts. Sampson shall, by December 3, 2001, produce to the government the material required by Local Rule 116.1(D).

5. Counsel shall meet to discuss the possibility of agreeing to the prompt production of additional discovery and, by December 4, 2001, report, jointly if possible, the result of that effort. The report(s) shall describe any agreement that has been reached and the respective positions of the parties on any disputed issues.

6. Counsel for Sampson shall, by December 4, 2001, file, <u>ex parte</u> and under seal, a proposed litigation budget that represents

their "best preliminary estimate . . . of the costs of all services (counsel, expert, investigative, and other) likely to be needed" before the Attorney General decides whether to seek the death penalty in this case. <u>See</u> 7 Guide to Judiciary Policies and Procedures, ch. VI, para. 6.02(F)(3)(c)(i).[1]  Consistent with Recommendation 9(d) of the May 1988 report "Federal Death Penalty Cases: Recommendations Concerning the Cost and Quality of Defense Representation," prepared by the Subcommittee on Federal Death Penalty Cases, Committee on Defender Services of the Judicial Conference of the United States, the court intends to seek advice from the Administrative Office of United States Courts and/or Federal Death Penalty Resource Counsel as part of the process of reviewing proposed defense budgets.

7.    A scheduling conference will be held on December 7, 2001, at 3:00 p.m.

_____
UNITED STATES DISTRICT JUDGE

---

[1]Any actual request for investigative, expert, or other services may be made <u>ex</u> <u>parte</u> only upon a proper showing of a need for confidentiality.  <u>See</u> 21 U.S.C. § 848(q)(9).