Schlosser Residence-Scene Processing    Det Sgt James Cruise

TAB 22

Lead Investigator:  Det Sgt Ray Keefe

Case Nature: Car Jacking/Burglary

Location: This incident/scene is located on VT Rt 100 (south) in the town of Plymouth, approximately 1.3 miles south of the intersection with US Rt 4. The incident occurred at the Eugene Schlosser residence. This residence is described as a 3 story Ski Chalet type home, which is located on the east side of the highway, approximately 100 feet from the roadway. The 911 Address is 9144 Rt 100, Plymouth, Vermont, and the residence has a sign at the roadway that reads "Chalet Schlosser".

Exhibits/Evidence:

1. 1 roll 35 mm film and prints
2. Schlosser residence/scene diagram
3. Evidence recovery Diagram
4. 1 Budweiser Beer can, 12 oz. (empty)
5. black back pack, with assorted items (untouched/not inventoried)
6. 1 pack USA Gold cigarettes and 2 cigarette butts
7. 1 12 oz. Coke can, (emptied out by this investigator)

Narrative:
On 31 July 2001 I was asked, by Det Lt Heffernan, to go to the scene on VT Rt 100 and process it for any evidence.  The scene was currently being maintained by 2 Troopers from the Bethel Barracks, and it was learned that some evidence would be found at the scene. I was instructed to obtain the evidence, secure it, and have it transported to the Bethel barracks.

On 31 July 2001 at approximately 1910 hrs I arrived at the scene and met with Sr Tpr William Jenkins. The Trooper with him was maintaining the crime scene log. Sgt John Helfant and Constable Scott Biggie soon arrived at the scene as well, and had been at a location, where the stolen car had been recovered. I first began processing the scene by taking a set of external, scene photographs. These started from the driveway, worked around the exterior of the house and then focused in on the point of entry, and each item of evidence seized. The photographs were begun at approximately 1916 hrs and continued throughout the crime scene processing.

On 31 July 2001 we entered the residence. I first checked each floor and determined that the only floor with any damage or any evidence was the first/entry floor. Entry had been made into the residence by force, via a ground level window in the northeast bedroom of the first floor. This room had broken glass and debris from the window being forced open and entry made. There did not appear to be any blood on any of the window surfaces nor did there appear to be any tools or other evidence within this room. I next made a brief diagram of the first floor area. I then had constable Biggie contact the complainant as the Coke can was

06051