COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    PROBATE AND FAMILY COURT
                                               NO. 96D0473-D1

ELIZABETH M. FLANAGAN     )
                          )
VS.                       )        PRETRIAL MEMORANDUM OF THE
                          )            PLAINTIFF, ELIZABETH
JOHN D. FLANAGAN          )                M. FLANAGAN

      Now comes the plaintiff, Elizabeth M. Flanagan, and submits the following pretrial memorandum:

      A.  The uncontested facts appear to be as follows:

      1.  The plaintiff is Elizabeth M. Flanagan of 50 Hemlock Street, Braintree, Massachusetts.

      2.  The defendant is John D. Flanagan, with a mailing address of 6 Town Farm Road, Pembroke, Massachusetts.

      3.  The parties were married at Nashua, New Hampshire, on September 22, 1967 and last lived together at 50 Hemlock Street, Braintree, Massachusetts, on or about July 19, 1995.

      4.  There are no minor children born of this marriage as all three of the children are over the age of twenty-one.

      5.  The plaintiff works in the Medical Records Department at Milton Hospital and earns $400.00 per week.

      6.  The defendant's primary occupation is as a flooring installer. During 1994, he reported earning $780.00 per week. During 1994 and 1995, he earned $720.00 per week that he reported.

7. Although the defendant has used the plaintiff's phone to arrange for carpeting and installing work and even offered to do an appraisal for carpeting work for plaintiff's counsel, until he realized who plaintiff's counsel represented, the defendant now says that he does not do carpeting or installation work. The defendant now reports earnings of $535.00 per week as a maintenance supervisor for the Department of Corrections, and nothing or nominal for carpeting.

8. On May 24, 1996, the Court ordered "that Husband shall pay to the Wife $200.00 per week as temporary support commencing on Friday, February 24, 1996. Wife shall be responsible for payment of household utilities and one-third of the monthly mortgage payment. I find that Husband has the ability to earn additional income if he desires to do so, both from his carpet installation business and from his carpet job "estimating" business which he does for the N. J. Company."

9. The defendant pursued a motion for reconsideration, which was denied, and then went to the expense of an interlocutory appeal to the Single Justice Session of the Appeals Court, which was also denied.

10. The defendant has thrown items at the plaintiff, has been very physical with the parties' daughter, Lisa, with the result that Lisa has a partial hearing loss.

11. The plaintiff is concerned for her safety and is afraid of the defendant due to his prior conduct.



home to pay approximately $60,000.00 of the defendant's business debts, amounting to two-thirds of the mortgage.

B. The contested issues appear to be as follows:

1. The defendant has worked in the flooring and carpeting business, without reporting his income in the past. The Court has found that he has the ability to earn funds if he desires to do so. The contested issue of fact is the defendant's earnings and/or earning capacity.

2. The defendant has been physically abusive to the family. The contested issue is whether a restraining order shall continue with regard to the defendant.

3. Because of the earning capacity of the defendant, the Court ordered support to be paid by the defendant. It is the position of the defendant that support should not be awarded and, if it is, should be awarded for only a short time and in an amount less than the amount ordered.

4. The parties refinanced the mortgage on the marital home in order to pay the defendant's business expenses, amounting to approximately two-thirds of the mortgage. It is a contested question as to whether the defendant will be solely responsible for payment of that portion of the mortgage. The temporary order of the Court imposed responsibility upon the plaintiff for

payment of one-third of the monthly mortgage, presumably on the basis that the defendant's business expenses resulted in the remaining two-thirds of the mortgage.

B. The plaintiff has repeatedly requested a four-way meeting in order to attempt to resolve this matter and by agreement delayed taking the defendant's deposition and examining the documents which the defendant has refused to produce until after the four-way meeting. The defendant and/or his attorney have been unable to have the meeting, have apologized for the delay, but have still not been able to schedule the meeting. Therefore, the plaintiff can only speculate as to whether there are additional contested matters and indeed the extent to which the above are contested.

C. Discovery has not been completed. The defendant's documents remain to be examined. The defendant's deposition remains to be taken, and further answers to interrogatories are still needed.

D. The current financial statements of the parties are anticipated to be filed at the time of the pretrial. As the defendant's documents have not been produced, the plaintiff cannot list other pertinent financial data.

E.   The potential witnesses include the parties, the daughter of the parties, and the defendant's customers and employers, and those witnesses which are developed through discovery and show the defendant's true earnings and earning capacity.

F.   The plaintiff is unable to list the exhibits at this time as discovery has not been completed.

G.   The deposition of the defendant was to take place after the four-way meeting, but the four-way meeting has not as yet taken place with the result that the deposition has been delayed.

H.   The estimated fair market value of the real estate at 50 Hemlock Street, Braintree, Massachusetts, is $140,000.00 by the plaintiff and $145,000.00 by the defendant.  The valuation of the defendant's pension has not been established as it is anticipated that it shall be divided by means of a qualified domestic relations order.

I.   The estimated time for trial is difficult to determine as discovery has not been completed.  With the completion of discovery, it is anticipated that it would be three to four hours.  Without the completion of discovery, and in light of the defendant's failure to report his income, it is anticipated that it would be two to three days.



While discovery has not been completed, the plaintiff anticipates that the evidence under M.G.L. ch. 208, Sec. 34 will include the following:

1.    Length of marriage:  The parties have been married almost thirty (30) years.

2.    Conduct of the parties during marriage:  The Husband has been consistently abusive to the family with the more physical abuse being inflicted upon the daughter of the parties, with the result that the daughter has a partial hearing loss. The defendant has acted inappropriately to the now adult daughter as well as to the plaintiff.  The defendant moved out of the marital home and is now residing with his current girlfriend in the girlfriend's own house.

3.    Age of the parties:  The plaintiff is forty-eight (48) years of age while the defendant is fifty (50) years of age.

4.    Health of the parties:  Both parties are in good health although the defendant was in a motorcycle accident some years ago and periodically, when it suits his purposes, says that he has a bad back.  Traditionally he has worked in the flooring business.

5.    Station of the parties:  The plaintiff has a lower middle class station as she has insufficient income with which to pay her normal expenses as well as the mortgage on the house

resulting from the defendant's business ones and back. The defendant lives a good lifestyle and appears to have more than sufficient cash with which to pay all his desired needs.

6. Occupation of the parties, amount of income and sources of income of the parties: The plaintiff is employed by the Milton Hospital and her earnings are reflected on her financial statement. The defendant is employed by the Department of Corrections and also does and has the ability to do flooring work, which he does but does not report the income.

7. Vocational skills and employability of the parties: The plaintiff has a high school and is marginally employable. The defendant has an associates degree from Newbury College, is employed by the Department of Corrections, and has ongoing estimating and flooring businesses. He is very employable.

8. Estate, liabilities and needs of the parties: The plaintiff and the defendant jointly owned the marital home with a small equity as a result of the refinancing to pay for the defendant's business expenses. The defendant has a pension. There are joint funds being held to repair the house. In addition, the defendant filed, without the knowledge or assent of the plaintiff, an insurance loss and has received a substantial check made payable to the parties, and may indeed have signed the plaintiff's name to same and cashed it. The plaintiff's home insurance premium has been increased as a result of the

defendant's enjoying of this estate. It is anticipated that the defendant's pension will take care of his future needs. The plaintiff needs the marital home in order to take care of her future needs and anticipates having to take in a boarder in order to assist in paying for same. The plaintiff also needs assistance with the payment of her legal fees and costs.

9.  Opportunity of the parties to acquire future capital assets and future income:  The opportunities of the plaintiff to acquire future capital assets or future income are both nominal.  The defendant is gainfully employed in both of his employment areas, has a substantial higher earning capacity than does the plaintiff and has greater opportunities for future income and for future capital assets.

10.  Contribution of the parties in the acquisition, preservation and appreciation in value of their estate:  The first home of the parties was acquired with a deposit from the plaintiff's aunt and uncle, and the second home was acquired with the equity from the first home.  The plaintiff has maintained the home.

11.  Contribution of the parties as a homemaker to the family unit:  The plaintiff was the sole homemaker and the primary care parent.



needs of the children. All three of the children of this love and marriage are over the age of twenty-one.

Respectfully Submitted,

ELIZABETH M. FLANAGAN

By her attorney,

David M. Shaw, Esq.
17 Storrs Avenue
Braintree, MA 02184
(617) 848-8744
BBO #455360