**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------x
GARY LEE SAMPSON,

Petitioner,

v. Civil Action No. 09-10762-MLW

UNITED STATES OF AMERICA,

Respondent.
---------------------------------------------------x
UNITED STATES OF AMERICA

v. Criminal No. 01-10384-MLW

GARY LEE SAMPSON
---------------------------------------------------x

**GARY SAMPSON'S PROPOSED INITIAL DISCOVERY PLAN**

Pursuant to this Court's order of September 1, 2010, the parties conferred on September 15, 2010, about the scope and timing of initial discovery. The parties agree that it is too early to set out a full-fledged discovery schedule. As well, the parties agreed to submit separate initial discovery proposals addressing this Court's September 1, 2010, Order and they will respond to the respective submissions by September 24, 2010. The parties will strive to file the latter response jointly, but reserve the right to file separate responses if agreement cannot be reached.

Mr. Sampson expects that discovery may include, *inter alia*, requests for documents, affidavits, and interrogatories. *See* Rule 6 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2246. Consequently, and based on discussions with the Government, Mr. Sampson proposes the following initial discovery plan:

**Initial Document Disclosure.** The Government has requested by letter, and Mr. Sampson has agreed, contingent on entry of a protective order,[1] to produce to the Government the following:

a. Files and notes of all members of the trial team, excepting any material not germane to the claims that survive Rule 4 dismissal, such as appellate files.

b. The identity of health professionals who evaluated Mr. Sampson between his 2001 arrest and the date of his sentencing, to the extent such names are not contained in the records produced to or already possessed by the Government.

c. Consent forms to permit the release of Mr. Sampson's medical and mental health records pertaining to the period between Mr. Sampson's 2001 arrest and the date of his sentencing, subject to the Government's production of the names of all individuals and institutions to whom such consent forms are given and all records resulting from the provision of such consent.

**Initial Document Requests.** Preliminarily, Mr. Sampson will seek, by subpoena or otherwise, the following documents:

a. All files and notes the defense trial team previously produced to the Government with respect to defense experts Dr. Thomas Deters and Dr. Angela Hegarty, a request to which the Government preliminarily has agreed.

b. Medical records and Massachusetts Department of Social Service records pertaining to John Flanagan.

c. Records pertaining to the transfer of inmates Warren Click and Bennie Mills between correctional facilities from July 31, 2001, to January 29, 2004, and any notes of

[1] Mr. Sampson has today filed a brief regarding disputed provisions of the protective order.

interviews with either Mr. Click or Mr. Mills in addition to the FBI 302s previously produced.

d. Records and notes pertaining to the person about whom § 2255 counsel was informed by the Government during the recent hearing, including, but not limited to, records of the Belmont Police Department memorializing, reporting, and/or investigating any report to police by said person in July 2001.

e. Unredacted records of law enforcement agencies and correctional facilities pertaining to Mr. Sampson, including, but not limited to, those from:

   1. Connecticut Department of Correction;
   2. Federal Bureau of Investigation;
   3. Plymouth County Correctional Facility;
   4. Plymouth County Sheriff's Office; and,
   5. Plymouth County District Attorney.

**Initial Discovery Calendar.** Mr. Sampson proposes that initial discovery take place along the following schedule and that during this period, with dates to be determined, the parties should make their discovery requests pursuant to Rule 6 and respond with any opposition to those requests:

| | |
|---|---|
| Sept. 17, 2010 | Parties to submit separate initial discovery proposals |
| Sept. 17, 2010 | Mr. Sampson to file memorandum regarding protective order |
| Sept. 24, 2010 | Parties to respond to initial discovery proposals |
| Oct. 1, 2010 | Government to file response to Mr. Sampson's memo regarding protective order |
| Oct. 19, 2010 | Mr. Sampson to file reply to Government's response to memo regarding protective order |

| | |
|---|---|
| Nov. 19, 2010 | If necessary, oral argument on discovery and protective order motions |

**Costs.** Mr. Sampson has advised Government counsel with respect to the costs of reproducing what is anticipated to be the bulk of trial counsel's files, a considerable portion of which are duplicative or already in the Government's possession, such as pleadings, transcripts, and the Government's discovery production to the defense. Mr. Sampson offered the Government the opportunity to review the files and select those files it wants replicated; Government counsel is considering the offer.

GARY SAMPSON
By his attorneys,

/s/ Thomas P. Windom

William E. McDaniels, Esq.
Jennifer G. Wicht, Esq.
Thomas P. Windom, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

Susan K. Marcus, Esq.
Neighborhood Defender Service
317 Lenox Avenue, Tenth Floor
New York, NY 10027
(212) 876-5500

J. Martin Richey, Esq.
Elizabeth L. Prevett, Esq.
Federal Defender's Office
408 Atlantic Avenue, Third Floor
Boston, MA 02110
(617) 223-8061

**CERTIFICATE OF SERVICE**

I, Thomas P. Windom, hereby certify that a true copy of the above document was served upon counsel of record via ECF delivery on September 17, 2010.

/s/ Thomas P. Windom, Esq.
Thomas P. Windom, Esq.