**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **GARY LEE SAMPSON,** Petitioner v. **UNITED STATES OF AMERICA,** Respondent | ) | **Civil No. 09-10762 MLW** |
| **UNITED STATES OF AMERICA** V. **GARY LEE SAMPSON** | ) | **Criminal No. 01-10384 MLW** |

**GOVERNMENT'S RESPONSE TO PETITIONER'S INITIAL DISCOVERY PLAN**

The government is in receipt of the Petitioner's Initial Discovery Plan and hereby responds as follows:

**I. INITIAL DOCUMENT DISCLOSURES BY PETITIONER.**

The Petitioner has acknowledged some of the requests for information the government has made to date. It has ignored others. The government requests that *all* of the information sought be produced, that the Court assess and approve the plan as being consistent with Rule 6's good cause requirement (making whatever modifications it believes to be appropriate) and further responds to the lettered paragraphs of Petitioner's Proposed Initial Discovery Plan as follows:

a. **The Scope of the Documents 2255 Counsel have agreed to produce from whatever Trial Team Files are already in its possession.**(Initial Sampson Discovery Plan, page 2 denoted as

Initial Document Disclosure, subpart a). The government objects to the language of this section because Petitioner seeks to exclude too many documents from this most critical disclosure obligation. The government has agreed that any documents that deal only with the appeal and are not relevant to any of the issues raised in the 2255 Petition (such as, for example, whether issues included in the current 2255 Petition should be raised on appeal) can be excluded from discovery. The language chosen by 2255 counsel (which excludes any documents that they consider to be "not germane to the claims that survive Rule 4 dismissal *such as appellate files"*) is much too broad given the posture of the case and the critical importance of these files.

**1. The scope of the Petition defines the scope of discovery.** The simple fact is that 2255 Counsel has pled extremely broad claims that relate to every aspect of the underlying representation by the Trial Team and their experts except the appeal. The Petitioner therefore should not be permitted to decide what documents are to be produced, but should produce everything in the identified files, excepting documents that deal only with the appeal and are not relevant to any of the issues raised in the 2255 Petition (such as, for example, whether issues included in the current 2255 Petition should be raised on appeal).

**2. <u>Certifying what documents have been collected and what files are complete</u>.** 2255 Counsel have also not addressed the government's request that it certify what files are in its possession, the completeness of those files, and what documents/files were not collected. The government made this request so that subpoenas can be sent out to members of the Trial Team where needed seeking all documents regarding their representation of, or work performed on behalf of Gary Lee Sampson. The government suggested a protocol to address these issues simply and quickly so that information can be produced and duplicative subpoenas avoided. <u>See</u> Government Response to Order of September 1, 2010 at 2-4. 2255 Counsel have ignored it. The government asks that the Court adopt that protocol or some other mechanism so that the content and completeness of the files in 2255 Counsel's possession can be quickly and accurately assessed and the government can then be permitted to send out any additional subpoenas that are needed.

**b. <u>Identity of all treating or evaluating health care professionals</u>.** (Initial Sampson Discovery Plan, page 2 denoted as Initial Document Disclosure, subpart b). The government also objects to the 2255's proposed limitation that ends disclosure obligations on health care providers as of the date of Petitioner's sentencing. The information to be provided should also include both medical/mental health experts who were asked to

assess Sampson in the underlying case (whether or not they testified) and all persons who treated him. The time limitation (ending disclosure obligations as of the date of sentencing) is unacceptable because the whole theory of the Petitioner's claim is that doctors who evaluated or treated the Petitioner after his sentencing have information regarding his mental status at the time of such treatment or examination and that information is relevant (if not dispositive) of his mental status as of the time of the trial and as of the time Petitioner committed the underlying capital crimes. See Amended Petition, Exhibits Volume V, Exhibits A, C, E-G (Reports/Declarations from medical experts dated March 22, 2010, March 5, 2010, January 10, 2010, March 28, 2010, and March 24, 2010).

**1. Disclosure obligations should not end as of the date of sentencing.** 2255 Counsel cannot be allowed to have it both ways. 2255 Counsel should be required to identify all such personnel from arrest until the present regardless of whether those doctors merely treated Sampson (their assessment of him is obviously relevant if the 2255 Petition is credited at all) or evaluated him for litigation purposes. At present, the government is only seeking the *identity* of any non-testifying expert who have treated or evaluated Sampson since the date of sentencing for purposes of this proceeding. However, it believes that discovery in this case should ultimately include more. The government will

seek interrogatories pertaining to all facts known or opinions held by experts retained for purpose of the 2255 Petition (but not expected to testify) because the length of time that has passed since the sentencing constitutes "exceptional circumstance" under FRCP 26(d)(4)(B) which make it difficult, if not impossible for the government from obtaining comparable information regarding the Petitioner's mental health given the ever-changing nature of his condition and literature establishing the progressive development of frontal lobe damage of the type alleged here. See, e.g., Government's Request for summary Dismissal of First Amended 2255 Petition at 136-139.

**2. There is no Option to Simply Produce Records.** In several places, 2255 Counsel have suggested that it will provide information "to the extent not reflected in the files produced." The government objects to this limitation because it has not been provided with the underlying files of the Trial Team, which are believed to be substantial (the government has been told only that preliminary estimates of copying costs are $20,000) and because the intimate knowledge of them that 22255 Counsel already have makes compilation of the requested list a simple matter. Therefore, 2255 Counsel should be required to compile the simple list requested. All parties should be concerned about getting information exchanged in an expeditious manner so that this case can move towards resolution.

**3. <u>Rule 33(d) does not apply in this case</u>.** The government also notes that 2255 Counsel may also be suggesting that answers to other inquiries such as the contention interrogatories attached to the government's initial discovery plan could be answered similarly, i.e, by merely referring the government to files of third parties. The government does not believe that is permissible under Federal Rule of Civil Procedure 33(d) (option to produce business records exists only when the answer can be derived from the business record "of the party upon whom the interrogatory has been served"). The Trial Team's records are not the business records of Gary Lee Sampson and the burden of responding to those interrogatories and providing other requested information is not the same given that 2255 Counsel have resisted producing any of the Trial Team's files and have filed a certified Petition making dozens and dozens of particularized allegations only after what the government believes must have been an exhaustive review of all of those third-party files. 2255 Counsel should therefore be directed now that production of business records under Rule 33(d) is not a permissible option in responding to interrogatories and that they must respond to the government's inquiries on the merits. <u>See</u> 1970 Advisory Committee Note to Federal Rule of Civil Procedure 33 (1970 analogue to Rule 33(d) described by the Advisory Committee as relating to interrogatories that "require a party to engage in

burdensome or expensive research into *his own business records* in order to give an answer.”)(emphasis supplied). See also In re Savitt/Adler Litigation, 176 F.R.D. 44, 49-50 (N.D.N.Y.1997) (finding plaintiff's use of Rule 33(d) improper where documents referred to in response to interrogatories were not business records of plaintiff but were documents produced by defendants during discovery); Jobin v. Kloepfer, 184 B.R. 366, 369 (D. Colo. 1995) (party's response to interrogatory improperly referred to third-party expert reports that were not the business records of that party); Smith v. Logansport Comm. Sch. Corp., 139 F.R.D. 637, 650 (N.D. Ind.1991) (reference to depositions in response to interrogatories seeking factual bases for allegations in complaint was “evasive and clearly insufficient”). See generally Hillyard Enterprises, Inc. v. Warren Oil Co., Inc., 2003 WL 25904133 (E.D. N.C. 2003)(specifying four-part test for party seeking option to produce records in response to interrogatory).

**c. Consent Forms.** (Initial Sampson Discovery Plan, page 2 denoted as Initial Document Disclosure, subpart c). The government is amenable to providing information obtained from all mental health personnel provided that 2255 Counsel are willing to share information produced to them as well. The government also asks that those consent forms be provided within 14 days.

## II. INITIAL DOCUMENT REQUESTS BY PETITIONER

The government addressed issues surrounding notes and redacted documents produced by various agencies in its earlier response.

**a. Documents Produced by the Trial Team regarding Hegarty and Deters.** The government will provide these documents.

**b. Flanagan Health Records.** The government does not object to this request but believes that Mr. Flanagan should be advised that his records are being sought and that the defendant should provide copies of whatever is produced to the government.

**c. Click and Mills**. The government does not object to 2255 Counsel subpoenaing these records. As 2255 counsel know, all notes in the possession of the government have been produced. See Exhibits Submitted in connection with Government's opposition to First motion for 2255 Discovery at 1725-27 (interview notes of Warren Click); 1771-73 (handwritten statement of Bennie Mills); 6826-6830 (interview notes of Click). The government does not understand the reason for yet another request.

**d. Belmont Police Information**. The government produced the information it was provided on this issue at the time of the hearing immediately after it was received. The government does not object to 2255 counsel subpoenaing the Belmont Police Department for any additional documents that might be in its possession despite their marginal relevance and the reams of

information produced in the underlying case regarding claims that people had seen the Petitioner during the course of his murder spree, which the government produced as it was received. The government has made all documents produced to the Trial Team available to 2255 Counsel once and will do so again

**e. Unredacted Records of Law Enforcement.** The government has previously addressed this issue. The government notes first that no effort has been made to specify materials relevant to the surviving claims in the Amended Petition, that the government produced hundreds and hundreds of pages from the FBI in the underlying case and does not believe that any substantive redactions were made. If redactions were made to files that may have been produced pursuant to a FOIA request, at a minimum, the Petitioner should be required to identify the documents at issue, show that they were not duplicative of documents that were produced in unredacted form in the underlying litigation, and identify that particular documents of concern that 2255 Counsel submit are relevant to the surviving claims so that the redactions can then be assessed and responded by the agency at issue.

## III. INITIAL DISCOVERY CALENDER PROPOSED BY 2255 COUNSEL

The government does not object generally to the schedule proposed. The government does object to 2255 Counsel's suggestion that during the period proposed, "the parties should

make their discovery requests pursuant to Rule 6 and respond with any opposition to those requests" as that turns this whole process on its head. The parties have proposed Initial Discovery Plans precisely because they now know what claims survived summary dismissal and therefore can state what discovery they believe they need based on good cause in this proceeding. Moreover, the proposed to submit responses to those plans precisely so they can voice any objections. Therefore, the government asks that the discovery contemplated by its plan be permitted to proceed forthwith and specifically proposes the following:

1. That, within 14 days, 2255 Counsel identify all Trial Team files in their possession, state whether those files are complete, and make those files available to the government for inspection or copying.

2. That, upon receipt of the statement described in paragraph 1, the government be permitted to obtain any files of the Trial Team not already in the possession of 2255 Counsel (to include both files that have not been collected or files that 2255 Counsel are unable to certify as complete).

3. That the Court forthwith issue orders to the Plymouth County Correctional Facility, MCI Cedar Junction, the Metropolitan Correctional Center in New York, Bridgewater State Hospital/ Correction Facility, and USP Terre Haute requiring production of all medical, mental heath and disciplinary records of Gary Lee Sampson and further requiring from Plymouth County Correctional Facility, MCI Cedar Junction, and the Metropolitan Correctional Center in New York recordings of all phone calls and meetings involving Gary Lee Sampson including any calls with counsel that might at one time be privilege.

4. That the Court forthwith issue orders to the New Hampshire Department of Corrections and the Connecticut Department of Corrections requiring production of all

disciplinary, and mental heath records for any present or former inmate who supplied affidavits to 2255 Counsel.[1]

5. That the Petitioner respond to the government's First Set of Interrogatories within 30 days.

6. That the government be permitted to issue subpoenas to Spaulding Rehabilitation Hospital and Massachusetts General Hospital regarding the availability of a Pet Scan during 2003 and the protocol for its use and for the use of a High Resolution Volumetric MRI during 2003, and any documents regarding Dr. Deters' use of a Pet Scan or a High Resolution Volumetric MRI in treating or diagnosing a patient between 1998 and 2003.

7. That, with respect to James Gilligan, Ruben Gur, Henderson Hill, Elias Melhem, Leslie Leibowitz, and George Woods, 2255 Counsel be required to produce within 60 days their complete work files in this matter including all documents relating to any testing or third party interviews, all notes or drafts of reports and any and all documents which they reviewed, referred to, or relied upon in framing the opinions they have expressed to date in this matter. The documents sought by this request would of course not include any documents reflecting conversations they had with 2255 Counsel.

The government will of course provide the Court

with any proposed orders it requests.

Respectfully submitted,

CARMEN M. ORITZ
United States Attorney

BY: /s/ John A. Wortmann, Jr.
GEORGE W. VIEN
JOHN A. WORTMANN, JR.
MARK QUINLIVAN
ZACHARY HAFER
Assistant U.S. Attorneys
(617) 748-3207

---

[1] The government notes that 2255 counsel sought to keep the names of several affiants under seal.

**CERTIFICATE OF SERVICE**

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/s/ John A. Wortmann, Jr. 9/24/10

JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

**RULE 7.1 CERTIFICATION**

The government certifies that is has conferred with counsel for the Petitioner and has been unable to resolve or narrow the issues presented other than as described.

/s/ John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney